UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RUSSELL VANBROCKLEN,

Plaintiff,

-v.-

1:12-CV-3
(GTS/ATB)

DEPARTMENT OF HOMELAND
SECURITY and JANET NAPOLITANO,

Defendants.

APPEARANCES:

RUSSELL VANBROCKLEN
Plaintiff *pro se*

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint, together with an application to proceed *in forma pauperis* filed by plaintiff, Russell Vanbrocklen. (Dkt. Nos. 1, 2).

## I.    *In Forma Pauperis* (IFP) Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee.  (Dkt. No. 2).  The form indicates that plaintiff is unemployed and his only income is workers' compensation payments.  *Id.*  Thus, for purposes of this Order, the Court finds that plaintiff meets the economic criteria for proceeding without the payment of fees.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall

dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp*., 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp*., 550 U.S. at 555).  The Court will now turn to a consideration of the

2

plaintiff's complaint under the above standards.

## II.   **Complaint**

Plaintiff brings this action against the Department of Homeland Security and Secretary Janet Napolitano.  (Compl. at 1).  Plaintiff alleges that in December 2010 and January 2011, he was prevented from flying when "two to three individual TSA managers . . . refused to screen the Plaintiff after the Plaintiff requested a female TSA agent to conduct a pat down search."  (Compl. ¶ 6).  Plaintiff alleges that he has a "medical condition where [he] greatly prefers not to deal with male personal [sic] concerning screening such as pat downs."  (Compl. ¶ 7).  Plaintiff brings this action under Section 504 of the Rehabilitation Act of 1973 (Section 504)[1] and Section 296(2)[2] of the New York Human Rights Law.  *See* 29 U.S.C. § 794; N.Y. Exec. §

---

[1] Section 504 states, in pertinent part,

No otherwise qualified individual with a disability in the United States, as defined in section 7(20), shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).

[2] Section 296(2) states, in pertinent part,

It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color, national origin, sexual orientation, military status, sex, or disability or marital status of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof, including the extension of credit, or, directly or indirectly, to publish, circulate, issue, display, post or mail any written or printed communication, notice or advertisement, to the effect that any of the accommodations, advantages,

296(2) (Consol. 2012).

This is not the first time plaintiff has brought such claims in federal court.  On March 19, 2008, plaintiff filed a lawsuit against the "United States of America, Transportation Security Administration."  (*VanBrocklen v. USA*, No. 1:08-CV-312, Dkt. No. 1, (TJM/RFT)).  In that action, plaintiff sued the Transportation Security Administration (TSA) under the Federal Tort Claims Act for intentional infliction of emotional distress and for violating the Fourth Amendment.  *Id.*  Plaintiff later filed an amended complaint, adding claims under the Americans with Disabilities Act (ADA) and Section 504.  (*VanBrocklen v. USA*, No. 1:08-CV-312, Dkt. No. 17).  There, the underlying facts related to an incident during a security screening on September 18, 2007, at the Albany International Airport.[3]  (*VanBrocklen v. USA*, No.

---

facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of race, creed, color, national origin, sexual orientation, military status, sex, or disability or marital status, or that the patronage or custom threat of any person of or purporting to be of any particular race, creed, color, national origin, sexual orientation, military status, sex or marital status, or having a disability is unwelcome, objectionable or not acceptable, desired or solicited.

N.Y. Exec. § 296(2).

[3] Senior Judge McAvoy related the relevant facts, which this court notes are practically identical to those alleged in this case:

Plaintiff suffers from a 'rare medical condition' that causes intense pain in his left testicle when he is in a situation that he considers stressful. . . . the apprehension about the screening process caused plaintiff to suffer an increasing pain in his left testicle that made it difficult for him to walk, so he requested, and received, a wheel chair to move from the ticket counter to the security screening area. . . . When plaintiff approached the security screening location in the wheel chair, 'a friendly TSA screener . . . put his hands on the Plaintiff[']s shoulder . . . The Plaintiff screamed out in extreme pain due to pain in the Plaintiff[']s left [testicle] (which felt worse than a testicular torsion).  The Plaintiff also lost control of his

1:08-CV-312, Dkt. No. 17).

On March 26, 2009, District Judge McAvoy dismissed plaintiff's previous Section 504 claim. (*VanBrocklen v. USA*, No. 1:08-CV-312, Dkt. No. 19). Judge McAvoy found that a portion of plaintiff's Section 504 claim failed to state a claim, and the remaining portion was noncognizable under Section 504.[4] (*VanBrocklen v. USA*, No. 1:08-CV-312, Dkt. No. 19 at 17).

## A.     Section 504

The same analysis applies in this case. To establish a violation under Section 504, a plaintiff must show "(1) that he has a disability for the purposes of the Rehabilitation Act; (2) that he was otherwise qualified for the benefit that has been denied; (3) that he has been denied the benefits solely by reason of his disability; and (4) that the benefit is part of a program or activity receiving Federal financial assistance." *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1988) (citations omitted). The Second Circuit has explained that the disabilities statutes, including Section 504, "do not require that substantively different services be provided to the disabled, no matter how great their need for the services may be. They only require that covered entities make 'reasonable accommodations' to enable 'meaningful access' to such

---

hands for several minutes[, which were] curved in and were mostly frozen into a club like state.'

Case No. 1:08-CV-312, Dkt. No. 19 at 2–3.

[4] Plaintiff's remaining Fourth Amendment was later dismissed by Judge McAvoy in a separate order. (*VanBrocklen v. USA*, 1:08-CV-312, Dkt. No. 50, N.D.N.Y. April 7, 2010) (*aff'd*, 2d Cir. May 12, 2011).

services as may be provided, whether such services are adequate or not." *Wright v. Giuliani*, 230 F.3d 543, 548 (2d Cir. 2000) (finding that disabled plaintiff seeking, *inter alia*, a "job coach," was inappropriate under the Rehabilitation Act, because "what [plaintiff] seeks to challenge is not illegal discrimination against the disabled, but the substance of services provided to him").

As Judge McAvoy held in 1:08-CV-312, based on essentially identical facts, there is no indication that the TSA managers' refusals were motivated solely by plaintiff's alleged disability or by an animus against the disabled.  (Case No. 1:08-CV-312, Dkt. No. 19).  The only difference between plaintiff's current complaint and the one filed on March 19, 2008, is the date of the alleged incidents.  The issue is the same: plaintiff seeks to set the terms by which he proceeds through security screening at an airport.  Specifically, plaintiff seeks to specify the gender of the TSA agent who will pat him down.  Thus, as discussed above, and as held by Judge McAvoy in his March 26, 2009 opinion, plaintiff has failed to state a cognizable claim on which relief can be granted.  (*VanBrocklen v. USA*, 1:08-CV-312, Dkt. No. 19).

### B.    New York Human Rights Law

Plaintiff's remaining claim is under the New York Human Rights Law.  N.Y. Exec. § 296(2).  Under 28 U.S.C. § 1367(a), the district courts have supplemental jurisdiction over state law claims that form part of the same Article III case or controversy.  The court may, however, decline to exercise jurisdiction if it dismisses all the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).  In light

of this court's finding that the federal claims have no merit, the court should decline to exercise any supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367(c)(3).  Accordingly, plaintiff's complaint should be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii), because it is frivolous and malicious;  and it fails to state a plausible claim on which relief may be granted.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED** for purposes of this report-recommendation, and it is

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 12, 2012

Hon. Andrew T. Baxter
U.S. Magistrate Judge