UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RUSSELL VANBROCKLEN,

         Plaintiff,

v.                   1:12-CV-0003
                       (GTS/ATB)

THE DEP'T OF HOMELAND SEC.; and
JANET NAPOLITANO, Sec'y of the Dep't
of Homeland Sec.,

         Defendants.
_____

APPEARANCES:

RUSSELL VANBROCKLEN
 Plaintiff, Pro Se
P.O. Box 600
West Sand Lake, New York 12196

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

   Currently before the Court, in this *pro se* civil rights action filed by Russell VanBrocklen ("Plaintiff") against the Department of Homeland Security and Secretary Janet Napolitano ("Defendants"), are United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Plaintiff's Complaint be sua sponte dismissed with prejudice for failure to state a claim upon which relief can be granted and frivolousness (Dkt. No. 4), and Plaintiff's Objection to the Report-Recommendation (Dkt. No. 5). For the reasons set forth below, Magistrate Judge Baxter's Report-Recommendation is accepted and adopted in its entirety and Plaintiff's Complaint is dismissed with prejudice.

I.     **RELEVANT BACKGROUND**

    A.     **Plaintiff's Complaint**

On January 3, 2012, Plaintiff filed his Complaint in this action. Generally, in his Complaint, Plaintiff alleges that in, December 2010 and January 2011, he was prevented from flying when "two to three individual TSA managers . . . refused to screen the Plaintiff after the Plaintiff requested a female TSA agent to conduct a pat down search," due to a "medical condition" that causes him to "greatly prefer[] not to deal with male personal [sic] concerning screening such as pat downs." (Dkt. No. 1, at ¶¶ 6-7.) Based on these factual allegations, Plaintiff asserts claims under Section 504 of the Rehabilitation Act of 1973 and Section 296(2)2 of the New York Human Rights Law. (*Id*. at "Counts 1-4.")

    B.     **Magistrate Judge Baxter's Report-Recommendation**

On January 12, 2012, Magistrate Judge Baxter issued his Report-Recommendation recommending that Plaintiff's Complaint be sua sponte dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) failure to state a claim upon which relief can be granted and frivolousness. (Dkt. No. 4.) Generally, in rendering his recommendation, Magistrate Judge Baxter found as follows: (1) Plaintiff has failed to allege facts plausibly suggesting a claim under Section 504 of the Rehabilitation Act; (2) Plaintiff's claim under Section 504 of the Rehabilitation Act is frivolous and malicious because it is essentially identical to a claim previously dismissed as not cognizable by United States District Judge Thomas J. McAvoy (which arose from facts occurring two years before the facts giving rise to the current action); and (3) because Plaintiff's federal claims under Section 504 of the Rehabilitation Act are dismissed, the Court may decline to exercise jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). (Dkt. No. 4, at Part II.A- II.B.)

### C. Plaintiff's Objections to the Report-Recommendation

On January 24, 2012, Plaintiff submitted an Objection to the Report-Recommendation. (Dkt. No. 5.) Generally, in his Objection, Plaintiff asserts the following arguments: (1) requesting that a female TSA agent screen Plaintiff is not an unreasonable accommodation, because, as the Second Circuit determined in *Wright v. Giuliani,* 230 F.3d 543, 548 (2d Cir. 2000), organizations are required to make "reasonable accommodations" for disabled persons; therefore; and (2) pat-downs and body searches along cross-gender lines are legal and reasonable under federal law. (*Id.*)

## II. GOVERNING LEGAL STANDARDS

### A. Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a de novo review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a de novo review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe,

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Legal Standing Governing a Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)

In his Report-Recommendation, Magistrate Judge Baxter correctly recited the legal standard governing a dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) -(ii). (Dkt. No. 4, at Part I.) As a result, that standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

### III. ANALYSIS

For the sake of brevity, the Court will assume that Plaintiff's Objection contains specific challenges to *all* portions of Magistrate Judge Baxter's Report-Recommendation, sufficient to subject the entirety of that Report-Recommendation to a de novo review. (*Compare* Dkt. No. 5 *with* Dkt. No. 4.) After carefully reviewing all of the papers in this action, the Court concludes that the Report-Recommendation is correct in all respects. (Dkt. No. 4.) Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the

---

J.).

    [5]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

law to those facts. As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein. The Court would add only two brief points.

First, because the Court construes Judge McAvoy's prior dismissal of Plaintiff's Section 504 claim as having been *with prejudice*, the Court finds that the doctrine collateral estoppel applies to the issue of law presented by Plaintiff's current claim under Section 504, serving as an alternative ground for the dismissal of that claim. The Court notes that, in the Second Circuit, the dismissal of an action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) is viewed as an adjudication "on the merits" of the action. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) ("[A] dismissal under Rule 12(b)(6) is a dismissal on the merits of the action–a determination that the facts alleged in the complaint fail to state a claim upon which relief can be granted.").[6] Furthermore, where a district court does not specify whether its dismissal of an action for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is with or without prejudice, it is presumed that the dismissal is with prejudice. *See Shockley v. Vermont State Colleges*, 793 F.2d 478, 481 (2d Cir. 1986) (citing case for proposition that a "court may presume an adjudication on the merits where district court fails to specify otherwise").[7]

Second, based on the four corners of Plaintiff's Complaint, the Court finds that Plaintiff has not alleged facts plausibly suggesting that he even possesses a "disability" for purposes of

---

[6]  *Accord*, *Civic Ctr. Motors, Ltd. v. Mason St. Import Cars, Ltd.*, 387 F. Supp.2d 378, 380 (S.D.N.Y. 2005); *Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp.2d 468, 470 (S.D.N.Y. 2004); *Martens v. Smith Barney, Inc.*, 190 F.R.D. 134, 137 (S.D.N.Y. 1999).

[7]  As one judge has noted, "There is an obvious logic to this result: if, in analyzing [an] . . . issue, a federal court concludes that there is no legal possibility for a plaintiff to state a particular claim against a defendant, it would make little sense and would result in a waste of judicial resources to permit the plaintiff to try again . . . ." *Winters v. Alza Corp.*, 690 F. Supp.2d 350, 357 (S.D.N.Y. 2010).

the Rehabilitation Act, or that he was otherwise "qualified" to receive the benefit that he had allegedly been denied. This finding serves as yet another alternative basis for the Court's dismissal of Plaintiff's Complaint.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 1) is **DISMISSED** in its entirety, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The clerk is directed to enter judgment in favor of the defendants and close this case.

The Court hereby certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: July 12, 2012
    Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge